# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Marell Carter (#2014-0810120), ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> IDOC, Stateville, Dixon, ) <br> ) <br> Defendants. ) | Case No. 15 C 50084 <br><br> Judge Frederick J. Kapala |

## ORDER

Plaintiff's motion for leave to proceed *in forma pauperis* [4] is granted. The Court authorizes trust fund officials at the Cook County Jail to deduct $4.40 from Plaintiff's trust account as an initial partial payment of the filing fee and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. The complaint is dismissed without prejudice. To proceed with this case, Plaintiff must, within 28 days of the date of this order, submit an amended complaint that names a suable party as defendant and that demonstrates that his claims are timely. His failure to comply will result in the summary dismissal of this case. Plaintiff's motion for attorney representation [3] is denied without prejudice. The Clerk shall send Plaintiff an amended complaint form.

## STATEMENT

Plaintiff Marell Carter, currently confined at Cook County Jail, brings this 42 U.S.C. § 1983 suit against the I.D.O.C. (the Illinois Department of Corrections), Stateville Correctional Center, and Dixon Correctional Center. Plaintiff alleges the following: he was arrested by Parole Officer Smith (badge #2064) on April 12, 2011, for a parole violation; on April 13, 2011, he transferred from the Cook County Jail to Stateville and then to Dixon; and he was released in June of 2011 based upon a finding no violation. Plaintiff contends the arrest and confinement were unconstitutional.

The following pleadings are currently pending before the Court: Plaintiff's motion to proceed *in forma pauperis* ("IFP"), his complaint for initial review pursuant to 28 U.S.C. § 1915A, and his motion for attorney representation.

Plaintiff's IFP application indicates he cannot prepay the $400 filing fee. The Court thus grants his motion and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial payment of the filing fee of $4.40. Trust fund account officers at Plaintiff's place of confinement are directed to deduct this amount from Plaintiff's account and forward it to the Clerk of this Court. Thereafter, trust account officers at Plaintiff's place of confinement are directed to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee (a $50 administrative fee is waived for IFP litigants) is paid. All payments shall be sent to the Clerk, United States District Court, 219 S.

Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for this payment obligation, and Plaintiff's current trust fund officials shall notify transferee authorities of any remaining amount owed if Plaintiff is transferred.

Under 28 U.S.C. § 1915A, this Court must conduct an initial review and dismiss the complaint or any claim therein if the complaint or claim is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks money damages against a party immune to such relief. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). The Court having conducted such a review of Plaintiff's complaint, it cannot proceed for several reasons.

First, Plaintiff names no suable parties as Defendants. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("a state and its agencies are not suable 'persons' within the meaning of section 1983...."), citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Taylor v. Stateville Dept. of Correction*, No. 10 C 3700, 2010 WL 5014185 at *2 (N.D. Ill. Dec. 1, 2010) (Coleman, J.) (neither a state prison nor IDOC is suable under § 1983 as both are "arms of the state" and "immune from suit under the Eleventh Amendment"), citing *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). The complaint cannot proceed against IDOC, Stateville, or Dixon Correctional Center. Even if the prisons and IDOC were suable, the complaint indicates no involvement by these entities. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Plaintiff's claims appear to be that he was unlawfully arrested and imprisoned without probable cause that he committed an offense or violated his parole. Such a claim is usually asserted against the arresting officer, who Plaintiff states is Officer Smith, badge number 20664.

Second, and perhaps more important, the complaint, on its face, appears time-barred. *Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007) (the limitations period for § 1983 claims in Illinois is two years), citing 735 ILCS 5/13-202. A district court can dismiss a case if "a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous." *Best v. City of Portland*, 554 F.3d 698, 700 (7th Cir. 2009), quoting *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). The instant case, which concerns events that occurred four years ago, appears to be such a case.

For the reasons stated above, the complaint is dismissed. The dismissal is without prejudice and Plaintiff shall have an opportunity to submit an amended complaint that both names a suable party as defendant and that demonstrates that this case is timely. Plaintiff is advised that an amended complaint replaces a previously filed complaint and must stand complete on its own. If an amended complaint is accepted, the Court would look to only the amended complaint, and not previously filed complaints, to determine the claims and parties of this suit. Plaintiff is given 28 days to comply with this order. If the Court receives no pleadings from Plaintiff during that time, this case will be summarily dismissed.

Plaintiff's motion to be represented by counsel is denied without prejudice. *Pruitt v. Mote*, 503 F.3d 647, 655-57 (7th Cir. 2007) (setting out the standard for determining whether counsel should be recruited under 28 U.S.C. § 1915(e)(1) and stating that a court should consider both the complexity of a case and the litigant's ability to try it on his own). The legal issues of this case – whether Plaintiff was unlawfully arrested and confined and whether his claims are timely – are not

overly complex. Furthermore, at this early stage of the case, where no defendant has been served and no discovery is being conducted, representation by an attorney is not warranted. *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir.2010) (an attorney is often not needed during the very early, infancy stages of a case); *see also Obriecht v. Raemisch*, 565 Fed. Appx. 535, 540 (7th Cir. 2014) (district court's denial of requests for an attorney prior to a plaintiff's submission of an acceptable amended complaint was not an abuse of discretion). For these reasons, Plaintiff's motion seeking the recruitment of an attorney is denied without prejudice.

Date:   May 26, 2015

_____
Frederick J. Kapala
United States District Judge